IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILY WARDLAW | : | CIVIL ACTION FILED |
| | : | |
| v. | : | SEP 0 1 2016 |
| | : | LUCY V. CHIN, Interim Clerk |
| THE CITY OF PHILADELPHIA HUMAN | : | NO. 16-4619 By _____ Dep. Clerk |
| SERVICE DIRECTOR, et al. | : | |

<u>MEMORANDUM</u>

RUFE, J.                                                                                 AUGUST 31st, 2016

       Plaintiff Emily Wardlaw brings this civil action pursuant to Title VII, 42 U.S.C. §§ 2000e to 2000e-17, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951-963, claiming that she was discriminated against in employment based on her race, color, and gender and retaliated against for voicing her complaints. She seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint without prejudice.

       I.       **FACTS**

       Plaintiff was previously employed by the City of Philadelphia Streets Department. She claims that she was subjected to discrimination and harassment in the course of her employment because she is African-American and female. She also appears to be alleging that she was retaliated against for complaining about the discrimination and/or harassment.

       As the basis for her claims, plaintiff relies on a charge of discrimination she filed with the Philadelphia Commission on Human Relations (PCHR) on May 24, 2016, and a charge of discrimination she filed with the Equal Employment Opportunity Commission (EEOC) on May 23, 2016. Those charges reflect that plaintiff's claims are generally based on the following: (1) a claim that she was harassed in May and June of 2015 after complaining to Human Resources

1

manager Kenny Wilson about "sexism and sexual harassment" from her supervisor, Jim Tabor; (2) a note was placed in her file reflecting that she abused sick leave, which was not removed after she supported her absences with medical documentation; (3) a workers compensation claim that she filed was denied, which she believes is due to retaliation; (4) between May 2015 and August 2015, she was treated differently than male workers with respect to how she was told to sign in; and (5) she was told to reapply for a civil service test despite having passed the test for a Highway Construction Inspector and overheard a comment indicating that job should go to "those men who had 2 years experience in the yard."

Plaintiff used the Court's form complaint for a plaintiff claiming employment discrimination to bring her claims. She did not name her former employer as a defendant. Instead, she named as defendants various individuals employed by the City of Philadelphia's Streets Department, including her former supervisor. By checking certain locations on the form complaint, plaintiff indicated that the allegedly discriminatory conduct occurred on April 24, 2016, that she filed a charge with the PCHR on that date, and that she received a notice of right to sue letter from the EEOC on April 25, 2016. However, as noted above, the charges on which her claims reflect that they were filed in May of 2016.

## II. STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice."

2

*Id.* The Court may also consider exhibits attached to the complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the complaint. *See Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Title VII does not provide for individual liability. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996). Accordingly, plaintiff cannot state a Title VII claim against the named defendants. Plaintiff was previously informed that Title VII does not provide for individual liability in connection with prior employment discrimination lawsuits that she filed concerning her employment with the City of Philadelphia Streets Department. *See Wardlaw v. City of Phila. Street's Dep't*, 378 F. App'x 222, 225 (3d Cir. 2010) (per curiam) ("Wardlaw's claims were not actionable against the individual defendants.").

Furthermore, "[t]o bring a claim under Title VII [or the PHRA], a plaintiff must file a charge of discrimination with the EEOC and procure a notice of the right to sue." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470-71 (3d Cir. 2001). Although the complaint alleges that plaintiff received a right to sue letter on April 25, 2016, plaintiff's claims are instead entirely predicated on charges of discrimination that were filed in May of 2016. Accordingly, it appears that plaintiff has not yet exhausted her claims administratively and procured a notice of right to sue letter. *See Wardlaw*, 378 F. App'x at 226 ("Wardlaw's complaint also did not state a claim against the City under Title VII because she did not allege that she had satisfied a precondition to her suit—the prior submission of her claim to the EEOC."). The Court will therefore dismiss

3

this action without prejudice to plaintiff refiling her claims against an appropriate defendant after she exhausts her administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint without prejudice. An appropriate order follows, which shall be docketed separately.